**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICIA TALLO, | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 16-4974** |
| | : | |
| ETHICON WOMEN'S HEALTH AND | : | |
| UROLOGY, et al., | : | |
| Defendants. | : | |

McHUGH, J.                                                     March 11, 2020

## MEMORANDUM

This is a products liability case involving the alleged failure of mesh surgically implanted in Plaintiff Patricia Tallo to treat stress urinary incontinence and pelvic organ prolapse.  The case was originally filed in the Philadelphia Court of Common Pleas and then removed to federal court where it was made part of a Multidistrict Litigation ("MDL") in the Southern District of West Virginia.  The case was later remanded to this Court for further proceedings.  Plaintiff now seeks to (i) designate Dr. Michael Margolis as an additional expert and allow him to conduct a second forensic medical examination of Tallo, and (ii) supplement their general causation expert reports.  Defendants oppose all of Plaintiff's requests.  For the reasons that follow, I will grant Defendants' Motion in part and deny it in part.

Defendants cite *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439-43 (3d Cir. 2009), to support the assertion that, under the law of the case doctrine, the Pretrial Orders (PTOs) issued during the MDL govern proceedings in this Court and render Plaintiff's requests untimely.  Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."

*ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (internal quotation marks omitted). But the doctrine does not apply to interlocutory orders, which "remain open to trial court reconsideration, and do not constitute the law of the case." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (internal quotation marks and citations omitted). And discovery orders are interlocutory in nature. *Adapt of Philadelphia v. Philadelphia Hous. Auth.*, 433 F.3d 353, 364 (3d Cir. 2006). Consequently, the PTOs issued in the MDL are not the law of the case and therefore do not preclude me from managing the discovery process here.

Nevertheless, I recognize that a central purpose of an MDL is to streamline the litigation in a large number of pending cases to make them ready for trial. I am therefore mindful that the parties have already participated in the robust discovery process set forth in the PTOs, and, in that spirit, the judge assigned to manage the MDL urged any "receiving court to immediately set these cases for trial without reopening discovery." Ex. I. to Def. Mot., at 1, ECF 35. Thus, I am willing to consider case specific supplemental discovery, but only if warranted.

The parties were limited to five case-specific experts per side during the MDL discovery process, and Plaintiffs seek permission to add Dr. Margolis as a sixth expert. Plaintiff offer no justification for having a sixth expert. I will therefore maintain the limit of five case-specific experts per side imposed during the MDL. In order for Plaintiff to use Dr. Margolis, they would need to substitute him for one of their current case-specific experts. Courts in this district determine whether to grant substitution by assessing whether good cause exists to allow substitution, and then, if good cause exists, by examining whether the substitution will prejudice the nonmoving party. *See, e.g.*, *Synygy, Inc. v. ZS Assocs., Inc.*, 2015 WL 4578807, at *2 (E.D. Pa. July 30, 2015) (explaining that determinations of whether to allow substitutions of a witness

are governed by Federal Rule of Civil Procedure 16(b)).  *Id.*  Here, because Plaintiff designated Margolis in the original state court action and initially did so in the MDL, I find that to be sufficient cause to allow his substitution at this point, *if* he replaces another expert.  That is especially true given that he already examined Tallo and provided an initial report based on that examination.  For that same reason, I conclude that any prejudice to Defendants will be minimal.

Margolis previously examined Tallo in September 2016.  If Plaintiff elects to replace another expert, I will allow Tallo to undergo a follow-up examination with Dr. Margolis so that he can opine on her current condition.  Once he renders a report, Defendants will be given an opportunity to rebut those findings using their own experts.

Plaintiff's requests are otherwise denied.

An appropriate order will follow.

/s/ Gerald Austin McHugh
United States District Judge